38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bailey Bennett FARRINGTON, Plaintiff-Appellee,
v.
Robert L. WHITESELL, Sergeant, Defendant-Appellant.
 No. 94-1212.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 2, 1994.
Decided: October 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-92-778-5-BO)
 Michael F. Easley, Attorney General, Isaac T. Avery, III, Special Deputy Attorney General, Joseph P. Dugdale, Assistant Attorney General, Raleigh, North Carolina, for Appellant.
 Philip R. Miller, III, William Marshall, P.A., Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bailey Bennett Farrington filed this 42 U.S.C. Sec. 1983 (1988), action against Robert L. Whitesell, a sergeant in the North Carolina State Highway Patrol, alleging that Whitesell used excessive force in arresting and handcuffing him. Farrington suffered a severely broken arm during the arrest. Whitesell moved for summary judgment on the ground that he was entitled to qualified immunity. The district court denied the motion, and Whitesell appeals.[1] We affirm.
 
 
 2
 * The standard of appellate review for the grant or denial of summary judgment is de novo. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994). Summary judgment may be entered only where there is no genuine issue of fact and the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1109 (1991). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The facts, and inferences to be drawn from them, must be viewed in the light most favorable to the nonmoving party. Catawba Indian Tribe v. South Carolina, 978 F.2d 1334, 1339 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3620 (U.S.1993).
 
 
 3
 Whitesell disputes some of the facts asserted by Farrington, including whether Whitesell was the officer who inflicted the injury. The following are the facts in the light most favorable to Farrington.
 
 II
 
 4
 Farrington was driving on a highway in Wake County, North Carolina on the evening of May 24, 1992. Deputy Peoples, a Wake County Sheriff's Deputy, stopped the vehicle because he observed the vehicle weave several times. Farrington stopped and exited the vehicle. When Peoples directed Farrington to get back in his car, Farrington returned to the car and drove away.[2] A high-speed chase ensued, eventually involving several law enforcement vehicles from different jurisdictions.
 
 
 5
 Farrington finally stopped at a stationary roadblock set up by the State Highway Patrol. Farrington exited the car, raised his hands over his head, and said, "I give up. You got me." Farrington was given no commands by the officers, and offered no resistance. Several Highway Patrolmen rushed Farrington and forced him against the hood of his car. Whitesell grabbed Farrington's left arm, twisted it around to his back and forced it up so that it nearly touched his head. The arm made an audible pop.[3]
 
 
 6
 Farrington was then slammed to the ground, and Whitesell pulled his left arm behind his back again, pushing it all the way to Farrington's head and causing it to pop again. Farrington yelled, "Stop, you broke my arm," and Whitesell responded, "[Expletive] you, you deserve it!" Farrington's wrists were handcuffed behind his back.
 
 
 7
 Farrington was later charged with traffic offenses, but was not charged with resisting arrest or any related offense. He has had two operations on his arm, which have not yet fully restored feeling and range of motion.
 
 
 8
 Whitesell denies that he used any more force than necessary to obtain control over Farrington, who was resisting the officers. He asserts that he has no knowledge that he was the officer who broke Farrington's arm.
 
 III
 
 9
 The defense of qualified immunity is available to law enforcement officers in lawsuits alleging excessive use of force. Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir.1991). This immunity protects an officer for conduct which does not "violate clearly established constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A right is not clearly established unless a reasonable officer would have known, given the facts and circumstances known to him at the time, that his actions violated that particular right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Review of the district court's denial of summary judgment on qualified immunity grounds is de novo. Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir.1992).
 
 
 10
 Farrington's claim is based on the Fourth Amendment right to be free from the use of excessive force by police. This right was clearly established at the time of the incident. Graham v. Connor, 490 U.S. 386 (1989). Under the facts alleged by Farrington, a reasonable officer in Whitesell's position would have known that the amount of force alleged to have been used was excessive. The motion was properly denied.
 
 
 11
 The case has been submitted on briefs on Appellant's motion. We affirm the decision of the district court.
 
 AFFIRMED
 
 
 [1]
 Although an interlocutory order, the denial of a motion for summary judgment on qualified immunity grounds is an appealable "final decision" under 28 U.S.C.A. Sec. 1291 (West 1993). Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)
 
 
 [2]
 While admitting that he had had four to six beers earlier that day, Farrington stated that he fled because he was operating a vehicle with a fictitious license plate and with his license permanently revoked
 
 
 [3]
 Whitesell admitted hearing a popping sound during the encounter, but did not know what it was